**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RONALD JAVIER VALLEJOS #A094-827-925** | **CASE NO.  1:26-CV-02936 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FACILITY ADMINISTRATOR RIVER CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order ("TRO") and [Doc. No. 2] filed by Petitioner, Ronald Javier Vallejos ("Petitioner").

For the following reasons, Petitioner's Motion is **DENIED**.

## I.   Background

Petitioner is a native and citizen of Nicaragua.[1] In 2012, Petitioner was ordered removed and appealed to the Board of Immigration Appeals ("BIA").[2] The order of removal became final in 2014.[3] Sometime after 2014, Petitioner was released under an Order of Supervision and remained under such for nearly fifteen years.[4] On July 27, 2026, Petitioner reported for a routine Immigration and Customs Enforcement ("ICE") check-in, where he was detained.[5] Petitioner was transferred to River Correctional Facility, where he remains today.[6]

---

[1] [Doc. No. 2-1, p. 3].
[2] [Doc. No. 2, p. 3].
[3] [Id.].
[4] [Id.].
[5] [Id.].
[6] [Id.].

Petitioner filed this TRO, seeking the Court to order Respondents to release Petitioner under supervision.[7] Petitioner further seeks this Court order a detention hearing and enjoin Respondents from removing Petitioner from the United States or outside of the Western District.[8]

The matter is ripe for ruling.

## II.    Law and Analysis

### a.  TRO

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added). Here, to the extent Petitioner seeks notice for re-detainment, his Motion is merely "a motion to decide [Petitioner's] habeas petition now." *Id.* The Court finds no cause to bypass standard habeas procedures.

---

[7] [Id. at p. 6].
[8] [Id. at p. 7].

2

### b. Request to Enjoin Transfer or Removal

To the extent Petitioner's Motion asks the Court to enjoin Respondents from transferring him, it fails because the Court is not stripped of jurisdiction over Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition") if Petitioner is transferred to a detention facility in another federal court's territorial jurisdiction while this case is active. The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Finally, to the extent Petitioner's Motion seeks to enjoin Respondents from removing him during these proceedings, the argument fails under statutory authority. First, the habeas statute requires that a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" to obtain relief. 28 U.S.C. § 2241(c)(3). If a petitioner challenging the constitutionality of detention solely is removed, he is no longer "in custody," rendering the habeas petition moot. *Id.*; *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Second, § 1252(g) of the Immigration and Nationality Act ("INA") explicitly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). If Petitioner is removed pursuant to an executed order of removal, this Court lacks jurisdiction to review that executive action in a habeas proceeding.

3

Since the preliminary relief Petitioner seeks—release, notice of re-detainment, or a bond hearing—mirrors the ultimate relief sought in Petitioner's Habeas Petition, Petitioner's Motion for TRO is **DENIED**.

### III.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Emergency Temporary Restraining Order [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 7th day of August 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE